NO. 07-07-0319-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 5, 2008

_____

MICHAEL SCOTT, APPELLANT

V.

JONES COUNTY DISTRICT ATTORNEY, ET AL., APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,212-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Michael Scott, an inmate proceeding pro se and in forma pauperis, brings this appeal challenging the trial court's order dismissing with prejudice his suit against Appellees, Jones County District Attorney, et al. (Jones County), as frivolous. By a single issue, he maintains the trial court entered its order dismissing his case without having jurisdiction over the parties. We affirm.

Scott originally filed his suit in Fort Bend County. Jones County moved to transfer the case to Potter County on the ground that the basis of Scott's complaint occurred while he was incarcerated at the Clements Unit in Amarillo, Potter County, Texas. The presiding judge of the 240th District Court of Fort Bend County signed an order transferring venue to Potter County. Upon transfer, the case was assigned to the 47th District Court. After venue was transferred, Scott amended his original petition to allege that Jones County District Attorney, Billy Edwards, failed to "exercise his discretion whether to file two criminal complaints that were mailed to his office . . . ." He sought $325,000 in damages for injuries caused by Jones County policies and procedures for handling criminal complaints from inmates.

Scott argues on appeal, "[t]he trial court committed a fundamental error. The trial court entered an order to dismiss Appellant [sic] claim without having jurisdiction of the parties in the case." No further argument is presented. Neither does Scott provide any authority for his argument. Inadequate briefing, failure to cite authority or record references, and failure to advance analysis are sound reasons for finding that a complaint is waived on appeal. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000). *See also* Tex. R. App. P. 38.1(c), (g), (h), and (j).

Moreover, Scott makes no complaint as to the transfer of his case to Potter County. Because his case was transferred to Potter County and properly assigned to the 47th District Court, the Honorable Hal Miner, Presiding Judge, had jurisdiction of the case, which

included "jurisdiction of the parties" and the authority to sign the order dismissing the case as frivolous.  Appellant's sole issue is overruled.

Consequently, the trial court's order is affirmed.

Patrick A. Pirtle<br>Justice